# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.            ) | Criminal Nos. 17-271 & 18-41 |
| ) | Civ. A. Nos. 24-334 & 24-335 |
| IKLAS DAVIS,       ) | Judge Nora Barry Fischer |
| ) | |
| Defendant.        ) | |

## **MEMORANDUM OPINION**

I.   INTRODUCTION

These matters are before the Court on Defendant Iklas Davis' ("Defendant" or "Davis"), Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, which are opposed by the Government. (Crim. No. 17-271, Docket Nos. 145-146, 151; Crim. No. 18-41, Docket Nos. 123-124, 129). Defendant seeks to vacate his convictions on two counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) at Criminal Nos. 17-271 and 18-41. (Crim. No. 17-271, Docket Nos. 145-146; Crim. No. 18-41, Docket Nos. 123-124). The Government counters that the claims raised by Defendant are barred by the relitigation doctrine, procedurally defaulted and/or otherwise without merit. (Crim. No. 17-271, Docket No. 151; Crim. No. 18-41, Docket No. 129). Although Defendant was provided the opportunity to submit Reply Briefs by May 20, 2024, he has failed to do so. (Crim. No. 17-271, Docket No. 152; Crim. No. 18-41, Docket No. 130). After careful consideration of the parties' positions, and for the following reasons, Defendant's Motions (Crim. No. 17-271, Docket No. 145; Crim. No. 18-41, Docket No. 123) are denied.

II.   BACKGROUND

The Court of Appeals set forth the following facts and procedural history relevant to these matters.

In December 1999, Davis stole a handgun from a residence. The Court of Common Pleas of Allegheny County, Pennsylvania convicted Davis of Theft by Unlawful Taking or Disposition, in violation of 18 Pa. Cons. Stat. § 3921(a). At the time of the offense, theft of a firearm was a third-degree felony punishable by up to seven years' imprisonment. In his proceeding before the state court, Davis affirmed that he understood the felony charge and the potential punishment. On December 13, 2001, the state court sentenced Davis to a term of imprisonment of time served (137 days) up to 23 months. Davis was paroled effective the same day.

Years later, on July 27, 2016, law enforcement executed a warrant to search Davis's residence in connection with an investigation of identity theft. During the search, law enforcement found three firearms and ammunition, which Davis admitted belonged to him. Davis was charged in state court with unlawful possession of a firearm and identity theft, and he was released on bond. On October 10, 2017, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment charging Davis with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). An arrest warrant was issued the next day.

On October 12, 2017, while Davis was still on bond, law enforcement executed an arrest warrant and a second search warrant of Davis's residence as part of the continuing investigation of identity theft. Law enforcement again found a firearm and ammunition belonging to Davis. Davis was thus charged with a second count of being a felon in possession of a firearm under § 922(g)(1).

A jury trial for Davis's two felon-in-possession counts began on November 6, 2018. Davis stipulated that he had been convicted of a felony before the execution of the first search warrant in July 2016. After the close of the Government's case, Davis moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. The District Court denied Davis's motion, finding that the Government had presented sufficient evidence for each element of the charged offenses such that a reasonable jury could conclude that Davis committed the offenses. After conferring with counsel, Davis changed his plea to guilty on both counts.

At the sentencing hearing on April 4, 2019, Davis stated that, at the time of the two searches of his residence, he was not aware that he was subject to a federal prohibition on felons possessing firearms. Although he acknowledged that he "had a felony," he asserted that his state-court conviction for theft by unlawful taking

> was not an offense that prohibited him from owning a firearm. The District Court sentenced Davis to 51 months' imprisonment for each count, with the terms to be served concurrently. Davis appealed both judgements of conviction.

*United States v. Davis*, App. No. 19-1872, 2022 WL 4181012, at *1–2 (3d Cir. Sept. 13, 2022), *cert. denied*, 143 S. Ct. 809 (2023) (internal citations omitted).

Defendant argued three separate issues on appeal: 1) "the District Court plainly erred in accepting his guilty plea without informing him of the Government's burden under *Rehaif* to prove beyond a reasonable doubt that Davis knew of his status as a convicted felon."; 2) "his indictments are defective and must be vacated because they do not reference 18 U.S.C. § 924(a)(2) or list the *Rehaif* knowledge-of-status element; and, 3) "18 U.S.C. § 922(g)(1) itself is unconstitutional because it exceeds the authority of the federal government under the Commerce Clause of the U.S. Constitution." *Id*. at *3. The Court of Appeals rejected all of Defendant's arguments and affirmed his convictions and sentence in a Memorandum Opinion dated September 13, 2022. *Id.* The Supreme Court of the United States then denied his petition for writ of certiorari on February 21, 2023. *Davis v. United States*, 143 S. Ct. 809 (2023).

Defendant avers that he placed the instant Motions to Vacate, Set Aside or Correct Sentence and supporting briefs in the prison mail system on February 10, 2024, such that they are timely filed within 1-year of the denial of his certiorari petition. (Crim. No. 17-271, Docket No. 145; Crim. No. 18-41, Docket No. 123). In his Motions and supporting briefs, Defendant seeks to vacate his convictions on three separate grounds: 1) an as-applied challenge that his § 922(g)(1) convictions violate the Second Amendment; 2) an alleged failure of the state court to inform him that his prior firearms conviction was a felony barring him from possessing firearms under federal law; and, 3) that his § 922(g)(1) convictions violate the Tenth Amendment. (Crim. No. 17-271, Docket Nos. 145-146; Crim. No. 18-41, Docket No. 123-124).

(*Id.*).  He neither challenges his sentence nor the effectiveness of his trial counsel.  (*Id.*).  The Court issued its *Miller* notices on March 15, 2024 and Defendant responded on April 8, 2024 requesting that the Court rule on the motions, as filed.  (Crim. No. 17-271, Docket Nos. 148-149; Crim. No. 18-41, Docket No. 126-127).  The Government submitted its Responses on April 29, 2024, wherein it argues that Defendant's claims are barred by the religitation doctrine and/or have been procedurally defaulted.  (Crim. No. 17-271, Docket No. 151; Crim. No. 18-41, Docket No. 129).  The Court ordered Defendant to file Reply Briefs by May 20, 2024 but he has failed to file same as of the date of this Memorandum Opinion and Order.  (Crim. No. 17-271, Docket No. 152; Crim. No. 18-41, Docket No. 130).  As all briefing has concluded, Defendant's Motions are now ripe for disposition.

   III.   LEGAL STANDARD

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence." *Frazier-el v. Bureau of Prisons*, 376 F. App'x 164, 165 (3d Cir. 2010).  Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  "[A] petitioner on supervised release is 'in custody' for purposes of § 2255." *United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008).  "As a collateral challenge, a motion pursuant to 28 U.S.C. § 2255 is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citation omitted).  Section 2255 relief "is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional

circumstances where the need for the remedy afforded by the writ ... is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Generally, a court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the court must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). In the Court's view, Defendant's motions can be decided after review of the records in the case, and therefore a hearing is not necessary.

IV.   DISCUSSION

As noted, Defendant brings three claims challenging his convictions for two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) but does not contest his sentence. (Crim. No. 17-271, Docket Nos. 145-146; Crim. No. 18-41, Docket Nos. 123-124). In response, the Government maintains that Defendant's claims must be denied because they involve issues which were either previously litigated on direct appeal and/or could have been raised on appeal but were not such that they are procedurally defaulted. (Crim. No. 17-271, Docket No. 151; Crim. No. 18-41, Docket No. 129). Having carefully considered the parties' positions, the Court concurs with the Government that Defendant's claims are procedurally barred and/or without merit.

With respect to the asserted procedural defects, the U.S. Court of Appeals for the Third Circuit has held that:

5

>[a] § 2255 motion does not function as a second appeal, *see United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), and thus it does not ordinarily allow for re-review of issues raised on direct appeal. *See, e.g., Travillion*, 759 F.3d at 288; *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981); *see also Kaufman v. United States*, 394 U.S. 217, 227 n.8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) ("Where a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing."). At the same time, a claim not raised on direct appeal cannot ordinarily be reviewed under § 2255. *See, e.g., Travillion*, 759 F.3d at 288 n.11; *DeRewal*, 10 F.3d at 105 n.4; *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). From these standards, collateral attack under § 2255 seems to present [defendants] with a Catch-22: raising an issue on direct appeal may preclude that issue from serving as a basis for § 2255 relief, but not raising an issue on direct appeal may forfeit the [defendant's] ability to seek § 2255 relief on that ground.

*United States v. Braddy*, 837 F. App'x 112, 115 (3d Cir. 2020).

Initially, Defendant has attempted to raise several issues closely related to his *Rehaif* knowledge of status claims which were previously litigated in his direct appeal and rejected by the Court of Appeals. (Crim. No. 17-271, Docket Nos. 145-146; Crim. No. 18-41, Docket Nos. 123-124). To that end, he now contends that his convictions should be vacated because the state court allegedly did not inform him that his state conviction made him a felon and barred him from possessing firearms under federal law. (*Id.*). However, the Court of Appeals evaluated his challenges to the indictments and his guilty pleas due to alleged errors in failing to inform him of the knowledge of status element and denied his appeals. As to the alleged errors during the plea hearing, the Court of Appeals explained:

>During his 2001 state-court proceeding for the felony theft conviction, Davis affirmed that he understood that he was being charged with "a felony of the third degree punishable by seven years in jail." The state court sentenced Davis to a term of imprisonment of up to 23 months. Even though Davis only served four months of his sentence, he was still convicted of "a crime punishable by

6

> imprisonment for a term exceeding one year." During his federal proceeding, he stipulated that he had previously been convicted of a felony, and he acknowledged during his federal sentencing that he "had a felony." It "strains credulity" to believe that Davis was unaware of his felon status, especially given his own admissions in both the state and federal court proceedings.

*Davis*, 2022 WL 4181012, at *4 (endnote citations omitted).  Similarly, regarding the alleged defects in the indictments, the Court of Appeals reasoned:

> the record discloses that Davis was informed that he faced seven years for his theft offense and was sentenced to a maximum of 23 months. Based on this evidence, a rational grand jury would have found that Davis was aware that he was convicted of a crime punishable by a term exceeding one year before he possessed the firearms. Thus, his argument about his indictment did not affect his substantial rights, and so fails under the third prong of plain error review.

*Id*.  Since Defendant's appeals were rejected on these issues, he cannot utilize § 2255 motions to attempt to relitigate them in these proceedings.

It is also this Court's opinion that Defendant's Tenth Amendment and as-applied Second Amendment claims are procedurally defaulted because they could have been raised on appeal but were not.  *See Braddy*, 837 F. App'x at 115.  Since these claims are procedurally defaulted, it is Defendant's burden to show cause and prejudice or actual innocence in order to proceed with those claims.  *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'").  He has failed to carry his burden here.  As this Court has held previously,

> [t]o establish cause for the procedural default, a defendant must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (citation omitted). Examples of external objective factors which have been found to constitute cause include "interference by officials," "a showing that the factual or legal basis

7

> for a claim was not reasonably available to counsel," and "ineffective assistance of counsel." *Id*. at 494.
>
> Once a legitimate cause to excuse the procedural default is shown, a defendant must also establish actual prejudice resulting from the errors about which he complains. *See United States v. Frady*, 456 U.S. 152, 168 (1982). To do so, the defendant must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id*. at 170 (emphasis in original). Accordingly, the defendant must prove that, if not for the error, there is a reasonable probability that the result of the proceeding would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

*United States v. Gorny*, Crim. No. 13-70, 2018 WL 5044223, at *3 (W.D. Pa. Oct. 17, 2018).

Defendant has not offered any reasons why he failed to raise these claims on appeal and has not responded to the Government's procedural default defense due to his failure to file a Reply, as this Court ordered. (Crim. No. 17-271, Docket Nos. 145-146; Crim. No. 18-41, Docket Nos. 123-124). But, even if Defendant had shown cause, he cannot demonstrate that the result of the proceedings would be different if these meritless claims had been raised. *See Strickler*, 527 U.S. at 289.

With respect to his Tenth Amendment claim, the Courts of Appeals which have addressed the issue have uniformly concluded that the Tenth Amendment is not violated "[i]f Congress acts under one of its enumerated powers," *United States v. Parker*, 108 F.3d 28, 31 (3d Cir. 1997) (quotation omitted), and its legislation of § 922(g)(1) barring felons from possessing firearms constitutes a valid exercise of Congressional power under the Commerce Clause. *See e.g., United States v. Kline*, 494 F. App'x 323, 326 (4th Cir. 2012) ("we reject Kline's challenge to the constitutionality of § 922(g)(1) on Tenth Amendment grounds"); *United States v. Wilson*, 118 F. App'x 974, 976 (7th Cir. 2004) (rejecting Tenth Amd. challenge to § 922(g)(1) because that provision "reflects a valid exercise of the federal power to regulate interstate commerce"); *United*

8

*States v. Duchaine*, No. 21-2297, 2022 WL 711302, at *1 (8th Cir. Mar. 10, 2022), *cert. denied*, 143 S. Ct. 226, 214 L. Ed. 2d 92 (2022) (same); *United States v. Parker*, 371 F. App'x 749, 750 (9th Cir. 2010) ("We previously have held that Congress's regulation of firearm possession by felons is allowed under the commerce clause, and therefore, does not violate the Tenth Amendment."); *United States v. Gata*, No. 22-11514, 2023 WL 2663888, at *3 (11th Cir. Mar. 28, 2023), *cert. denied*, 144 S. Ct. 311, 217 L. Ed. 2d 144 (2023) (same).  The same is true here as the Court of Appeals rejected Defendant's argument that his prosecution for violating § 922(g)(1) violated the Commerce Clause.  *See Davis*, 2022 WL 4181012, at *5 (quoting *United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004) ("In *United States v. Shambry*, we reaffirmed the constitutionality of § 922(g)(1) as a valid exercise of Congress's commerce power, in agreement with 'the overwhelming majority of our sister courts of appeals.'").  Thus, Defendant's claim asserting that his prosecution and guilty pleas violated the Tenth Amendment must also be denied.

Defendant next raises an as-applied challenge that his prosecution for felon in possession violated his Second Amendment rights following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, ⸺ U.S. ⸺, 142 S.Ct. 2111 (2022) as he allegedly possessed the firearms in his home for self-protection.  However, subsequent decisions by the U.S. Court of Appeals for the Third Circuit interpreting *Bruen* in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) and *United States v. Dorsey*, App. No. 23-2125, ___ F.4d ____, 2024 WL 3196742 (3d Cir. Jun. 24, 2024) make clear that Defendant cannot meet his burden to establish such a claim.

In *Dorsey*, the Court of Appeals rejected the defendant's appeal of his conviction for violating § 922(g)(1) and refined the second prong of the two-part *Bruen* test for evaluating unpreserved as-applied Second Amendment challenges.  The first step remains whether "the Second Amendment's plain text covers an individual's conduct." *Dorsey*, 2024 WL 3196742, at

9

*3 (quoting *Bruen*, 597 U.S. at 17). To that end, "if the challenger is among 'the people' who have Second Amendment rights and the text of the Second Amendment applies to the conduct at issue, the Constitution presumptively protects that conduct." *Id*. While the second step still involves a determination of whether the prohibition is consistent with the Nation's historical traditions of the regulation of the right to bear arms, in order to answer the question of "who" may be barred from possessing firearms, the Court of Appeals turned to its decision in *Range*. *Id*. at *4.

The Court of Appeals reiterated that *Range* was a "narrow" decision which "held only that disarming an individual with a single, almost-thirty-year-old criminal conviction for food stamp fraud was not consistent with the Second Amendment." *Dorsey*, 2024 WL 3196742, at *4 (citing *Range*, 69 F.4th at 98-99). It continued *Range* "said nothing about whether an individual with a more serious (or more dangerous, or more violent) conviction could be disarmed for the same (thirty-year) period." *Id*. at *5, n.9. The Court of Appeals further reasoned that in order for a defendant charged with § 922(g)(1) to show that any Second Amendment error was plain, he must prove that "it is beyond dispute that he is similarly situated to Range for Second Amendment purposes." *Id*. at *3.

The Court of Appeals then proceeded to analyze Dorsey's background and characteristics and highlighted those that distinguished his case from Range's circumstances. *Dorsey*, 2024 WL 3196742, at *4-5. In this regard, Dorsey was convicted of a state firearm law, behavior which is at least arguably dangerous, his conviction was within 4 years, and he was on parole at the time that he possessed a firearm in violation of § 922(g)(1). *Id*. Ultimately, the Court of Appeals stated:

> Given the sea-change effected by *Bruen*, and considering the narrowness of our decision in *Range*, we conclude that there can be reasonable debate as to whether the Second Amendment permits disarmament of an individual with a four-year-old conviction for possession of a firearm without a license and who was laboring under a criminal sentence at the time of the offense conduct. Any

> Second Amendment error inherent in Dorsey's conviction therefore was not plain.

*Dorsey*, 2024 WL 3196742, at *5.

In this Court's estimation, the totality of the circumstances demonstrates that Defendant is not similarly situated to *Range* and he simply does not have a viable as-applied Second Amendment claim. *Dorsey*, 2024 WL 3196742, at *3. Defendant's prior felony conviction disqualifying him from possessing firearms was much more serious than food stamp fraud as he pled guilty to theft by unlawful taking after he stole a firearm from a residence. *See Davis*, 2022 WL 4181012, at *1. He was sentenced to a term of incarceration of 137 days up to 23 months which is much more significant than the probationary term served by Range for the food stamp fraud conviction. *Id*.

Defendant's extensive rap sheet also distinguishes his situation from Range-whose only conviction was from 30 years ago. (*See* PIR at ¶¶ 26-34). As is detailed in the Presentence Investigation Report, Defendant's juvenile record included his being adjudicated delinquent for simple assault and two cases of aggravated assault in three separate episodes where he physically harmed victims. (PIR at ¶¶ 26-28). His adult convictions from 1998 through 2009 include multiple theft and unauthorized use of a motor vehicle offenses, simple assault, resisting arrest, and possession of controlled substances. (PIR at ¶¶ 29-34). At the time he unlawfully possessed the firearms in 2016 and 2018, he was released on bond for state charges. (PIR at ¶¶ 50-51). He was also actively involved in an identity theft scheme which resulted in his separate convictions for conspiracy, use of unauthorized access devices and aggravated identity theft at Criminal No. 20-24 for which he was sentenced to a total term of 60 months' incarceration by Judge Ranjan. *See United States v. Davis*, App. No. 22-2807, 2023 WL 8519195, at *1 (3d Cir. Dec. 8, 2023).

Accordingly, Defendant's motions seeking to vacate his convictions based on an alleged Second Amendment violation must be denied as well.

For all of these reasons, Defendant's claims are denied and no certificate of appealability shall issue as to such claims.

V.     CONCLUSION

Based on the foregoing, Defendant's motions to vacate his convictions under 28 U.S.C. § 2255 are denied, with prejudice. The Court further holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. Appropriate Orders follow.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: July 1, 2024

cc/ecf:  All counsel of record

      Iklas Davis
      Reg. No. 38681-068
      FCI Butner Medium II
      Federal Correctional Institution
      P.O. Box 1500
      Butner, NC 27509
      (via first class mail)